IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| VS. | : | |
| | : | NO. 4:15-MJ-00144 -MSH |
| STEPHANIE L. GEORGE, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## **ORDER**

On April 17, 2017, the Court received a letter from *pro se* Defendant requesting the Court to reconsider her sentence (ECF No. 16). The Court construes this letter as a motion to reduce sentence pursuant to 18 U.S.C. § 3582. For the reasons described below, Defendant's motion is hereby denied.

## **BACKGROUND**

On January 21, 2016, Defendant pled guilty to two counts of assaulting, impeding, or resisting an officer under 18 U.S.C. § 111(a)(1) (ECF No. 9). Judgment was entered on September 19, 2016, and Defendant was sentenced to two eleven-month sentences to be served concurrently (ECF No. 14). Defendant is currently incarcerated at the Federal Correctional Complex in Coleman, Florida. In her letter to the Court, Defendant requests that the Court modify the term of imprisonment to "release to her home immediately" with or without a monitoring bracelet. Mot. to Modify J. 5, ECF No. 16. In support of her request, Defendant cites *inter alia* her physical and mental ailments, allegedly ineffective care at the correctional facility, and her husband's untimely death. *Id.* at 1-4.

Defendant makes no legal argument in her letter and provides no authority for her request.

**DISCUSSION**

Because Defendant is proceeding *pro se*, the Court must look beyond the label of Defendant's motion and "interpret [it] under whatever statute would provide relief." *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000) (citation omitted). Accordingly, the Court construes this letter as a request by Defendant for the Court to modify her sentence pursuant to 18 U.S.C. § 3582.

This Court does not have "inherent authority" to modify a sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1317-19 (11th Cir. 2002); *see also* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except [in certain cases]."). Title 18, United States Code § 3582 provides the limited circumstances under which a sentence for a term of imprisonment may be modified. 18 U.S.C. § 3582(c). Specifically, "[u]nder § 3582(c), the court may modify a sentence in three circumstances: (1) upon motion of the Director of the Bureau of Prisons; (2) under [Federal Rules of Criminal Procedure] Rule 35 or as otherwise expressly permitted by statute; or (3) if the sentencing range has subsequently been lowered by the Sentencing Commission." *United States v. McGranahan*, 168 F. App'x 934, 937 (11th Cir. 2006). If one of these circumstances is not present in a case, the Court lacks jurisdiction to consider the Defendant's motion to modify her sentence. *Id.*

Here, there is no motion from the Bureau of Prisons; there is no authority to modify the sentence under Federal Rules of Criminal Procedure 35 for clear error or

substantial assistance, or under any other statute; and the sentencing guideline range has not been lowered since Defendant's sentencing. Because none of the circumstances listed in § 3582(c) is present in this case, this Court lacks jurisdiction. Defendant's motion is consequently denied.

## CONCLUSION

For the reasons stated above, Defendant's motion to reduce sentence is DENIED for lack of jurisdiction.

SO ORDERED, this 30th day of May, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE